[*Special Term, March,* 1870.]

PATRICK GIBBIN *v.* THE KANAWHA AND OHIO COAL COMPANY.

The fact that the defendant, a corporation of West Virginia, merely had an agent here to receive what was sent to him, and to remit back proceeds, would not constitute him a managing agent on whom process against the corporation could be served, and where the sheriff had returned a service on such an agent as service on the corporation, it will be set aside on motion.

*Lincoln, Smith & Warnock,* for the motion.

*Crawford,* contra.

STORER, J. This was a motion to set aside a service. The defendants, it is alleged, are a corporation under the laws of West Virginia, transacting business in Cincinnati. The sheriff returned that the process was served on the only person he could find at their office in this city. The evidence was to the effect that this company had no managing agent in Cincinnati, and the case is not brought within the rule where the Supreme Court have held that service on such an agent is sufficient. The fact that a foreign corporation had an agent here merely to receive what was sent him, and remit back proceeds, would not be sufficient. If such a rule were established, any commission merchant in the city who received property for sale from a corporation in any part of the United States, might be held to be their managing agent. Upon referring to the New York cases, as well as those in other States, where the rule had been enlarged, it would be found that it applies only to insurance and railway companies. Corporations who had agents here, and undertook by bills of lading to transport property, and enjoyed the protection of our laws, ought not to be allowed an exemption from responsibility.

The service should be set aside.